**STATE of Vermont v. Darryl LEGGETT**

[664 A.2d 271]

No. 93-202

June 28, 1995. Defendant Darryl Leggett appeals his jury conviction of sexual assault of his fourteen-year-old stepniece in violation of 13 V.S.A. § 3252(a)(3). On appeal, defendant claims that the trial court erred by permitting expert testimony regarding the delayed reporting of sexual abuse by child victims. Defendant also claims that the trial court erred by precluding him from introducing extrinsic evidence of the victim's alleged prior false accusations. We affirm.

It is well-settled in Vermont that experts in child sexual abuse cases are not permitted to comment directly on their personal perceptions or beliefs regarding the credibility of the child victim. See, e.g., *State v. Weeks*, 160 Vt. 393, 399-400, 628 A.2d 1262, 1265-66 (1993). The role of an expert in child sexual assault cases is to help jurors understand " 'the emotional antecedents of the victim's conduct' so that they 'may be better able to assess the credibility of the complaining witness.' " *State v. Wetherbee*, 156 Vt. 425, 432, 594 A.2d 390, 394 (1991) (quoting *State v. Catsam*, 148 Vt. 366, 369, 534 A.2d 184, 187 (1987)). We do not permit the expert to usurp from the jury its role as factfinder, and we will reverse a conviction if the expert's testimony is "tantamount to a direct comment that the complainant was telling the truth." *Catsam*, 148 Vt. at 370, 534 A.2d at 187.

In this case, the expert's testimony was well within this standard. The expert testified that children who are sexually abused by a family member are more likely to delay reporting the incident than are children who are abused by strangers. The expert noted that children fear the disruption to family relationships created by their revelation, and that many experience feelings of shame and guilt. The expert did not state that the victim in this case was truthful, nor did he comment on her veracity in any way. Indeed, this expert never met or interviewed the victim. See *Wetherbee*, 156 Vt. at 433, 594 A.2d at 394 (danger that expert testimony will intrude upon province of jury heightened when expert has personally examined victim). Instead, he merely testified to his belief that delayed reporting is common among children abused by family members. The expert's testimony about delayed reporting was proper.

Defendant also argues that the trial court impermissibly limited his cross-examination of the victim by precluding him from introducing extrinsic evidence to establish that the victim had made prior false accusations of sexual assault. Defendant sought to introduce a police report in which the victim claimed that she was molested by another man in a separate incident, but which was not prosecuted because the victim's mother did not believe that the incident had occurred. Defendant argues that the report was admissible under Vermont's rape shield statute, 13 V.S.A. § 3255(a)(3)(C) (evidence of specific instances of complaining witness's past false allegations admissible), and under either V.R.E. 608(b) (specific instances of conduct admissible to attack witness's credibility), or 404(b) (prior bad acts admissible to show motive, intent or plan).

As a threshold matter, defendant failed to make a sufficient showing that the victim's prior allegations were, in fact, false. Defendant's only offer of proof was the police report, but without more, the mere fact that the allegation was not prosecuted does not show that the allegation was false. See *State v. Ross*, 152 Vt. 462, 471-72, 568 A.2d 335, 341 (1989) (court justified in excluding evidence of victim's prior accusations against other alleged abusers where defense counsel conceded that he did not know whether allegations were in fact false). Because defendant failed to make any demonstration that the prior allegation was false, the rape shield statute barred admission. See *id.* at 471-72, 568 A.2d at 341.

Defendant's contention that V.R.E. 608(b) permits the introduction of extrinsic evidence to attack the credibility of a witness directly contravenes the rule and cannot be supported. Rule 608(b) clearly states that "[s]pecific instances of the conduct of a witness, for the purpose of attacking . . . his credibility . . . *may not be proved by extrinsic evidence.*" (Emphasis added.) There was no error under this rule.

With respect to Rule 404(b), defendant's trial counsel vaguely suggested that the falsity of the victim's allegation might be shown as a prior bad act, but apparently withdrew the argument on learning that the allegations against the other man came after the alleged sexual assault by defendant. We conclude that the Rule 404(b) claim was not preserved.

*Affirmed.*